IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| V. | * | |
| | * | NO: 4:01CR00150-01 SWW |
| WALTER CURTIS MOLES | * | |

## ORDER

Before the Court is Defendant's *pro se* motion for a ruling [ECF No. 147] and Defendant's *pro se* motion to correct or amend the revocation judgment, pursuant to Rule 36 of the Federal Rules of Criminal Procedure [ECF No. 148]. After careful consideration, and for reasons that follow, the motions are denied.

With his first motion, Defendant requests a ruling on his previous motion for "return to proper jurisdiction," and he complains that he has not received copies of several filings in this case. By order entered November 2, 2015 [ECF No. 145], the Court denied Defendant's then-pending *pro se* motions, including his motion for "return to proper jurisdiction." The Court also directed the Clerk of the Court to mail Defendant a copy of the order and the United States' response opposing his motion, and the Clerk carried out the Court's instructions.[1] The Court finds that Defendant's motion for a ruling is moot.

---

[1] The Court also informed Defendant that docket entry #139 is merely a Clerk's entry, which serves administrative purposes only. <u>Docket entry #139 is not a filing or document that can be mailed to Defendant</u>.

Defendant brings his second motion pursuant to Rule 36. He asks the Court to correct the revocation judgment entered April 16, 2015, sentencing him to serve sixteen months in the Bureau of Prisons. Specifically, Defendant asks the Court to amend the judgment to reflect that he will receive credit on his federal sentence for the time he spent in federal custody undergoing a mental evaluation.

Rule 36 permits a court to correct a clerical error in a judgment or an error in the record arising from oversight or omission, but it does not permit the relief requested here. The Court lacks authority to award credit toward Defendant's federal sentence. Defendant is currently in state custody, and he has not commenced serving his federal sentence. After Defendant begins serving his federal sentence, the Attorney General will compute any credit for time served in federal custody. *See United States v. Wilson*, 503 U.S. 329, 333-37, 112 S.Ct. 1351(1992)(Attorney General computes amount of credit after defendant begins sentence; district court cannot apply 18 U.S.C. § 3585(b) at sentencing).

IT IS THEREFORE ORDERED that Defendant's *pro se* motion for a ruling [ECF No. 147] and *pro se* motion to amend or correct the judgment [ECF No. 148] are DENIED.

IT IS SO ORDERED THIS 9TH DAY OF NOVEMBER, 2015.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE